# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE THOMPSON, | Case No. 1:13-cv-00142-DLB PC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT, FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (ECF No. 9) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.   Background

Plaintiff Tyrone Thompson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff filed his original complaint on January 30, 2013, and is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On April 8, 2013, Plaintiff filed a first amended complaint. (ECF No. 8.) On September 10, 2013, Plaintiff filed a second amended complaint, which is presently before the Court for screening.[1] (ECF No. 9.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Although Plaintiff did not request leave to amend his complaint a second time, the Court freely grants leave to amend a complaint. **Error! Main Document Only.**"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *Amerisource Bergen Corp. v. Dialysis W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

1

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff is incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names CDCR and Martinez (R.N.) as defendants in this action.

Plaintiff alleges the following. On January 29, 2013, Plaintiff was called to medical to see Defendant Martinez. Upon arrival, Plaintiff told Defendant Martinez his problems of pain and high BP.[2] Plaintiff requested to see a doctor but Defendant Martinez refused and said he would not see a doctor until his next visit. Defendant Martinez refused to take his blood pressure and stated that Plaintiff complained too much.

On April 22, 2013, Plaintiff was called in again to see Defendant Martinez. She started the conversation by stating that Plaintiff lied on his 602 about her refusing to take his blood pressure. Plaintiff replied that he did not want to talk about the 602 and that he was in a lot of pain. Defendant Martinez stated that Plaintiff could not see the doctor until May 17. Plaintiff replied that he was in pain and needed to see a doctor immediately. Defendant Martinez then asked Plaintiff what kind of pain medication he needed.  Plaintiff said he needed a "Tens Unit" or a 'lay-in' for a couple of days.[3] Defendant Martinez said she could not give him a "Tens Unit" and would not give him a "lay-in." Defendant Martinez responded this was in retaliation for Plaintiff filing inmate appeals against her.

---

[2] Plaintiff does not define this term, but it appears that "BP" refers to blood pressure.

[3] Plaintiff does not define these terms.

On May 2, 2013, Plaintiff returned from school and found all the property in his locker thrown around his bed. Plaintiff discovered that Defendant Martinez instructed correctional officers to search his locker in retaliation for filing inmate appeals and to search for lotion. That same day, Plaintiff visited Defendant Martinez again. Defendant Martinez denied Plaintiff medical treatment for the rash and itching on his skin. Defendant Martinez showed him one of his appeals and said stated that she saw he was writing her up to her boss for not providing him with lotion even though Plaintiff had some in his locker. Although Plaintiff had some lotion from another inmate, he told Defendant Martinez that he needed medicated lotion. CSATF allows medical staff to deny Plaintiff medical treatment and to retaliate against him. Plaintiff suffered pain and visited Defendant Martinez many times but was denied treatment.

Plaintiff contends a violation of the Eighth Amendment for deliberate indifference and a First Amendment claim for retaliation. Plaintiff requests injunctive relief for medical treatment and compensatory and punitive damages as relief.

**III.  Analysis**

    **A.     Eighth Amendment—Deliberate Indifference**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be

drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff fails to state an Eighth Amendment claim against any Defendants. Plaintiff has sufficiently alleged that he suffers a serious medical need with his allegations of serious pain, satisfying the objective prong. *Farmer*, 511 U.S. at 834. However, Plaintiff fails to allege sufficient facts which demonstrate that Defendants acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff's claims from his Second Amended Complaint indicate that Plaintiff insists on seeing a doctor, rather than a nurse, Defendant Martinez. Plaintiff also indicates that he requires specific treatment for his pain, a "Tens Unit" or a "Lay-in" and medicated lotion instead of normal lotion. However, a prisoner's conclusory opinion that he needs a specific type of medical treatment is insufficient to meet the deliberate indifference standards. *See Toguchi*, 391 F.3d at 1058 (a difference of opinion between physician and prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to a serious medical need). Accordingly, Plaintiff fails to state a claim for deliberate indifference, in violation of the Eighth Amendment.

### B.    First Amendment—Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Such claims must be evaluated in light of the deference that must be accorded to prison

officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence), *with Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Finally, the prisoner must demonstrate that her or his First Amendment rights were chilled or infringed by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Brodheim*, 584 F.3d at 1271 (explaining that in *Rhodes*, 408 F.3d at 568-69, the court explicitly held that an objective standard governed the chilling inquiry; the plaintiff need not show that his or her speech was actually inhibited or suppressed); *Rhodes*, 408 F.3d at 568 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling of his [or her] First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely silenced."); *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (explaining that where an inmate quit his law library job in the face of repeated threats of transfer, the inmate demonstrated a chilling effect in violation of his First Amendment rights). "[W]here a prisoner alleges a correctional officer has falsely accused [the prisoner] of violating a prison rule in retaliation for the prisoner's exercise of his [or her] constitutional rights, the correctional officer's accusation is not entitled to the 'some evidence' standard of review that [the court should] afford disciplinary administrative decisions." *Hines*, 108 F.3d at 269; *see also Bruce*, 351 F.3d at 1289.

The Court finds that Plaintiff's allegations are insufficient to state a claim for retaliation, in violation of the First Amendment. Plaintiff fails to allege facts that the acts of retaliation were objectively sufficient to chill the exercise of his rights. *See Brodheim*, 584 F.3d at 1271 (explaining that in *Rhodes*, 408 F.3d at 568-69, the court explicitly held that an objective standard governed the chilling inquiry). Plaintiff claims that he suffered a denial of medical treatment as a result of the alleged retaliation. However, as discussed in detail above, Plaintiff has not sufficiently plead a deliberate indifference claim, in violation of the Eighth Amendment, and therefore fails to meet the objective standard sufficient to chill speech. Accordingly, Plaintiff fails to state a claim for retaliation, in violation of the First Amendment.

### C. CDCR Immunity

Plaintiff names CDCR as a defendant for the purpose of obtaining injunctive relief and monetary damages. However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, *e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Med. Exam'r*, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against CDCR in this case.

## IV. Conclusion and Order

Plaintiff's Second Amended Complaint fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

///

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 31, 2013**           /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE